Official Form 1 (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **NORTHERN** DISTRICT OF **ILLINOIS** | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| **Waddell, Desaree** | |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| **aka Desaree Denton, aka Renee Denton, aka Desaree Johnson, aka Renee D Denton** | |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **1815** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): **2565 Eldorado Lane Naperville IL** ZIPCODE **60564** | Street Address of Joint Debtor (No. & Street, City, and State): ZIPCODE |
|---|---|

| County of Residence or of the Principal Place of Business: **Will** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): **SAME** ZIPCODE | Mailing Address of Joint Debtor (if different from street address): ZIPCODE |
|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): **NOT APPLICABLE** ZIPCODE |
|---|

**Type of Debtor** (Form of organization)

(Check **one** box.)

- ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business**

(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**

(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- ☐ Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. | |
| ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Official Form 1 (1/08)          FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Waddell, Desaree** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | | (If more than two, attach additional sheet) |
|---|---|---|
| Location Where Filed:<br>**Northern District of Illinois** | Case Number:<br>**02-2338** | Date Filed:<br>**6-17-2002** |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | | (If more than one, attach additional sheet) |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  */s/ Robert G. Whitley, Jr.*    *02/25/2009*<br>      Signature of Attorney for Debtor(s)      Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and exhibit C is attached and made a part of this petition.<br>☒ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.<br>If this is a joint petition:<br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Official Form 1 (1/08)                                                                    FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
| (This page must be completed and filed in every case) | **Waddell, Desaree** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Waddell, Desaree**
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

**02/25/2009**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

**02/25/2009**
(Date)

---

**Signature of Attorney***

X **/s/ Robert G. Whitley, Jr.**
Signature of Attorney for Debtor(s)

**Robert G. Whitley, Jr. 03005542**
Printed Name of Attorney for Debtor(s)

**Robert G. Whitley, Jr. P.C.**
Firm Name

**15028 S. DesPlaines Street**
Address

**Plainfield IL  60544**

**815-436-4700**
Telephone Number

**02/25/2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

**02/25/2009**
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**FORM B6A (Official Form 6A) (12/07)**

In re <u>Waddell, Desaree</u> ,  Case No._____
Debtor(s)  (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *None* | | | | *None* |
| | | | **TOTAL $** | *0.00* |

No continuation sheets attached

**TOTAL $**
**(Report also on Summary of Schedules.)**

**B22C (Official Form 22C) (Chapter 13) (01/08)**

In re  WADDELL_ DESAREE
_____
Debtor(s)

Case number: _____
(If known)

| According to the calculations required by this statement: |
|---|
| ☐ **The applicable commitment period is 3 years.** |
| ☒ **The applicable commitment period is 5 years.** |
| ☒ **Disposable income is determined under § 1325(b)(3).** |
| ☐ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☒ Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10. | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $2,823.44 | $2,249.30 |
| 3 | **Income from the operation of a business, profession, or farm.**        Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br>**Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts — $0.00 | | |
| | b. Ordinary and necessary business expenses — $0.00 | | |
| | c. Business income — Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.**        Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.        **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts — $0.00 | | |
| | b. Ordinary and necessary operating expenses — $0.00 | | |
| | c. Rent and other real property income — Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $0.00 | $0.00 |
| 8 | **Unemployment compensation.**        Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act     Debtor $0.00_____     Spouse $0.00_____ | $0.00 | $0.00 |

| 9 | **Income from all other sources.**      Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9.      **Do not include any benefits received under the Social Security Act or payments received as a victim of a against humanity, or as a victim of international or domestic terrorism.** | | |
|---|---|---|---|
| | **paid by your spouse, but include all other payments of alimony or separate maintenance.** | | |
| | **Do not include** any benefits received under the Social Security Act or payments received as a victim of a against humanity, or as a victim of international or domestic terrorism. | | |
| | a. | 0 | |
| | b. | 0 | |
| | | $0.00 | $0.00 |

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $2,823.44 | $2,249.30 |
|---|---|---|---|

| 11 | **Total.** If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $5,072.74 |
|---|---|---|

---

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $5,072.74 |
|---|---|---|

| 13 | **Marital adjustment.**    If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|
| | a. | $0.00 | |
| | b. | $0.00 | |
| | c. | $0.00 | |
| | | | $0.00 |

| 14 | Subtract Line 13 from Line 12 and enter the result. | $5,072.74 |
|---|---|---|

| 15 | **Annualized current monthly income for § 1325(b)(4).**     Multiply the amount from Line 14 by the number 12 and enter the result. | $60,872.88 |
|---|---|---|

| 16 | **Applicable median family income.**     Enter the median family income for applicable state and household size. (This information is available by family size at     www.usdoj.gov/ust/     or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:     ILLINOIS        b. Enter debtor's household size:      2 | $57,829.00 |
|---|---|---|

| 17 | **Application of § 1325(b)(4).**    Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.**     Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☒ **The amount on Line 15 is not less than the amount on Line 16.**     Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |
|---|---|---|

---

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $5,072.74 |
|---|---|---|

| 19 | **Marital adjustment.**     If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
|---|---|---|
| | a. | $0.00 | |
| | b. | $0.00 | |
| | c. | $0.00 | |
| | | | $0.00 |

| 20 | **Current monthly income for § 1325(b)(3).**     Subtract Line 19 from Line 18 and enter the result. | $5,072.74 |
|---|---|---|

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $60,872.88 |
|----|----|----|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $57,829.00 |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☒ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $961.00 |
|----|----|----|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |

| | Household members under 65 years of age | | Household members 65 years of age or older | | |
|----|----|----|----|----|----|
| a1. | Allowance per member | $0.00 | a2. | Allowance per member | $0.00 |
| b1. | Number of members | 0 | b2. | Number of members | 0 |
| c1. | Subtotal | $0.00 | c2. | Subtotal | $0.00 |

$0.00

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $463.00 |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | |
|----|----|----|

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $1,273.00 |
|----|----|----|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $0.00 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

$1,273.00

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $0.00 |
|----|----|----|

B22C (Official Form 22C) (Chapter 13) (01/08)    4

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.  ☐ 0   ☐ 1   ☒ 2 or more. If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $434.00 |
|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $0.00 |

| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**    Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)   ☐ 1  ☒ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.** | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs | $489.00 | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $489.00 |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.**    Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at   www.usdoj.gov/ust/   or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.** | |
|---|---|---|

| | a. | IRS Transportation Standards, Ownership Costs | $489.00 | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $489.00 |

| 30 | **Other Necessary Expenses: taxes.**    Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.    **Do not include real estate or sales taxes.** | $0.00 |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.**    Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $0.00 |
| 32 | **Other Necessary Expenses: life insurance.**    Enter total average monthly premiums that you actually pay for term life insurance for yourself.    **Do not include premiums for insurance on your dependents, for whole life, or for any other form of insurance.** | $0.00 |
| 33 | **Other Necessary Expenses: court-ordered payments.**    Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**  Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $0.00 |
| 35 | **Other Necessary Expenses: childcare.**    Enter the total average monthly amount that you actually expend on childcare -- such as baby-sitting, day care, nursery and preschool.    **Do not include other educational payments.** | $0.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                 5

| 36 | **Other Necessary Expenses: health care.**     Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.   **Do not include payments for health insurance listed or health savings accounts listed in Line 39.** | $0.00 |
|----|----|----|
| 37 | **Other Necessary Expenses: telecommunication services.**     Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents.   **Do not include any amount previously deducted.** | $0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.**     Enter the total of Lines 24 through 37. | $4,109.00 |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**     List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | $0.00 |
|----|----|----|

|   | a. | Health Insurance | $0.00 |
|---|----|----|----|
|   | b. | Disability Insurance | $0.00 |
|   | c. | Health Savings Account | $0.00 |

Total and enter on Line 39

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$0.00

| 40 | **Continued contributions to the care of household or family members.**     Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.   **Do not include payments listed in Line 34.** | $0.00 |
|----|----|----|
| 41 | **Protection against family violence.**     Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $0.00 |
| 42 | **Home energy costs.**     Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.   **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $0.00 |
| 43 | **Education expenses for dependent children under 18.**     Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age.   **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $0.00 |
| 44 | **Additional food and clothing expense.**     Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)   **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $0.00 |
| 45 | **Charitable contributions.**     Enter the amount reasonably necessary for you to expend each  month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2).   **Do not include any amount in excess of 15% of your gross monthly income.** | $0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).**     Enter the total of Lines 39 through 45. | $0.00 |

### Subpart C: Deductions for Debt Payment

| 47 | **Future payments on secured claims.**    For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | | |
|---|---|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|
| a. | | | $0.00 | ☐ Yes  ☐ No | |
| b. | | | $0.00 | ☐ Yes  ☐ No | |
| c. | | | $0.00 | ☐ Yes  ☐ No | |
| d. | | | $0.00 | ☐ Yes  ☐ No | |
| e. | | | $0.00 | ☐ Yes  ☐ No | |
| | | | Total: Add Lines a - e | | $0.00 |

| 48 | **Other payments on secured claims.**    If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | | | $0.00 | |
| b. | | | $0.00 | |
| c. | | | $0.00 | |
| d. | | | $0.00 | |
| e. | | | $0.00 | $0.00 |
| | | | Total: Add Lines a - e | |

| 49 | **Payments on prepetition priority claims.**    Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $0.00 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.**    Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $0.00 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x  0.063 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $0.000 |

| 51 | **Total Deductions for Debt Payment.**    Enter the total of Lines 47 through 50. | $0.00 |
|---|---|---|

| **Subpart D: Total Deductions from Income** | | |
|---|---|---|
| 52 | **Total of all deductions from income.**    Enter the total of Lines 38, 46, and 51. | $4,109.00 |

| **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | | |
|---|---|---|
| 53 | **Total current monthly income.**    Enter the amount from Line 20. | $5,072.74 |
| 54 | **Support income.**    Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $0.00 |
| 55 | **Qualified retirement deductions.**    Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $0.00 |
| 56 | **Total of all deductions allowed under § 707(b)(2).**    Enter the amount from Line 52. | $4,109.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                    7

| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |
|---|---|---|

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $0.00 |
| b. | | $0.00 |
| c. | | $0.00 |
| | | Total: Add Lines a, b, and c |

$0.00

| 58 | **Total adjustments to determine disposable income.**  Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $4,109.00 |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).**  Subtract Line 58 from Line 53 and enter the result. | $963.74 |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.**  List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $0.00 |
| b. | | $0.00 |
| c. | | $0.00 |
| | Total: Add Lines a, b, and c | $0.00 |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this a joint case, both debtors must sign.)*<br><br>Date: _____   Signature:  */s/ Waddell, Desaree* _____<br>                                                        (Debtor)<br><br>Date: _____   Signature: _____<br>                                                        (Joint Debtor, if any ) |
|---|---|

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re  *Waddell, Desaree*

Case No.
Chapter  *13*

_____
Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.  *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Waddell, Desaree*

Date:    *02/25/2009*

B6B (Official Form 6B) (12/07)

In re _Waddell, Desaree_ ,  Case No. _____
                Debtor(s)                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Furniture* Location: In debtor's possession | | $ 350.00 |
| | | *TV's, Computer* Location: In debtor's possession | | $ 675.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *Clothing* Location: In debtor's possession | | $ 300.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. | X | | | |

Page __1__ of __3__

B6B (Official Form 6B) (12/07)

In re _Waddell, Desaree_____ ,          Case No. _____
                    Debtor(s)                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | *401(k)* *Location: In debtor's possession* | W | $ 251.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *2004 Pontiac Grand Am 4d SE* *Location: In debtor's possession* | | $ 3,925.00 |
| 26. Boats, motors, and accessories. | X | | | |

Page   2   of   3

**B6B (Official Form 6B) (12/07)**

In re _Waddell, Desaree_____ ,    Case No. _____
                    **Debtor(s)**                                              _(if known)_

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **Total** ➡ | $ 5,501.00 |

Page ___3___ of ___3___

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Waddell, Desaree_ _____,    Case No. _____

        Debtor(s)                                                                    (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Furniture_ | _735 ILCS 5/12-1001(b)_ | $ 350.00 | $ 350.00 |
| _TV's, Computer_ | _735 ILCS 5/12-1001(b)_ | $ 675.00 | $ 675.00 |
| _Clothing_ | _735 ILCS 5/12-1001(a)_ | $ 300.00 | $ 300.00 |
| _401(k)_ | _735 ILCS 5/12-1006_ | $ 251.00 | $ 251.00 |

B6D (Official Form 6D) (12/07)

In re _Waddell, Desaree_ _____ ,    Case No. _____
            **Debtor(s)**    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No. _2064_<br>_Creditor # : 1_<br>_Capital One Auto Finance_<br>_3901 Dallas Parkway_<br>_Plano TX 75093_ | | _2/10/2005_<br>_Purchase Money Security_<br><br>Value: _$ 3,925.00_ | | | | $ 11,324.00 | $ 7,399.00 |
| Account No: | | <br><br>Value: | | | | | |
| Account No: | | <br><br>Value: | | | | | |
| No continuation sheets attached | | | Subtotal $<br>(Total of this page) | | | $ 11,324.00 | $ 7,399.00 |
| | | | Total $<br>(Use only on last page) | | | $ 11,324.00 | $ 7,399.00 |
| | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (12/07)

In re **Waddell, Desaree** _____,    Case No. _____
Debtor(s)    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re **Waddell, Desaree** ,                    Case No. _____
         **Debtor(s)**                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 7296<br>Creditor # : 1<br>Account Solutions Group LLC<br>PO Box 628<br>Buffalo NY 14240-0628 | | W | 7-5-07<br><br>re: Altlantic Credit and Finance, Inc #5489555115267264 | | | | $ 810.52 |
| Account No: ....<br>Creditor # : 2<br>Allied Int<br>435 Ford Road<br>Suite 800<br>Minneapolis MN 55426 | | W | 4/15/2005 | | | | $ 162.00 |
| Account No: 246<br>Creditor # : 3<br>Americash Loans, LLC<br>848 N Rt 59<br>Aurora IL 60504 | | W | 9/8/2005<br>Loan | | | | $ 699.29 |
| Account No: 75<br>Creditor # : 4<br>Americash Loans, LLC<br>848 N Rt 59<br>Aurora IL 60504 | | W | Loan | | | | $ 699.72 |

_9_ continuation sheets attached

Subtotal $ | $ 2,371.53

Total $ |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_ ,   Case No. _____
**Debtor(s)**   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   6-04<br>Creditor # : 5<br>Amli At Fox Valley<br>3750 East New York Street<br>Aurora IL 60504 | | W | 12-16-2004<br>Security Deposit Account Balance | | | | $ 168.14 |
| Account No:<br>Creditor # : 6<br>Capital One Bank<br>661 Glenn Ave<br>Wheeling IL 60090 | | W | 7-18-2007<br><br>Court Case Number 07 SC 4672<br>Attorney for Plaintiff: Blit & | | | | $ 1,364.55 |
| Account No:   2963<br>Creditor # : 7<br>BMG Music<br>PO Box 1958<br>Indianapolis IN 46291-0010 | | W | 1-12-07<br>Purchase | | | | $ 46.16 |
| Account No:   ....<br>Creditor # : 8<br>Capital One<br>PO BOX 85520<br>Richmond VA 23285 | | W | 4/2/2003<br>Credit Card Purchases | | | | $ 1,460.00 |
| Account No:   ....<br>Creditor # : 9<br>Capital One<br>PO BOX 85520<br>Richmond VA 23285 | | W | 6/1/2003<br>Credit Card Purchases | | | | $ 1,200.00 |
| Account No:   -001<br>Creditor # : 10<br>Capital Recovery<br>4505 N. Front Street<br>PO Box 67555<br>Harrisburg PA 17106 | | | 2-07-06<br>Purchase<br>Original Creditor: Salley Beauty<br>Company, #144963601 | | | | $ 89.25 |

Sheet No.   _1_ of   _9_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 4,328.10

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_____,   Case No._____
             **Debtor(s)**                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   8288 <br> Creditor # : 11 <br> CMI <br> 4200 International <br> Carrollton TX 75007 | | | 7/7/2006 <br> Cable television <br> Comcast | | | | $ 172.93 |
| Account No:   4544 <br> Creditor # : 12 <br> Collection Company of America <br> 700 Longwater Dr <br> Norwell MA 02061 | | | CELL PHONE BILL <br> Original Creditor: SPRINT PCS <br> reference # 0081463341 | | | | $ 225.27 |
| Account No:   5... <br> Creditor # : 13 <br> Collection Company of America <br> 700 Longwater Dr <br> Norwell MA 02061 | | | 5/1/2008 | | | | $ 103.00 |
| Account No:   8288 <br> Creditor # : 14 <br> Comast <br> P. O. Box 3002 <br> Southeastern PA 19398 | | | 11-6-06 <br> Cable television & Internet | | | | $ 172.93 |
| Account No: <br> Creditor # : 15 <br> Core Fitness <br> 4220 Westbrook Drive <br> Aurora IL 60504 | | W | 2-28-06 <br> Health Club | | | | Unknown |
| Account No:   4121 <br> Creditor # : 16 <br> Dupage Medical Group <br> 1860 Paysphere Cirlcle <br> Chicago IL 60674 | | | Medical Bills <br> Some of these charges on this bill <br> are for Marcus | | | | $ 170.00 |

Sheet No.   _2_ of   _9_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 844.13

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)  - Cont.

In re _Waddell, Desaree_                                      ,        Case No._____
                 **Debtor(s)**                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    0531<br>Creditor # : 17<br>Dupage Medical Group<br>1860 Paysphere Cirlcle<br>Chicago IL 60674 | | W | Medical Bills | | | | $ 98.00 |
| Account No:    9317<br>Creditor # : 18<br>Eastern Collection Corporation<br>1626 Locust Avenue<br>Bohemia NY 11716-2153 | | W | 4-13-2006<br>Purchase<br>Original Creditor: Black Expressions | | | | $ 82.40 |
| Account No:    1771<br>Creditor # : 19<br>Edward Hospital<br>801 South Washington Street<br>Romeoville IL 60446 | | W | 11-4-2006<br>Medical Bills<br>Collecting Agency: Merchants' Credit Guide Co. | | | | $ 632.25 |
| Account No:    6475<br>Creditor # : 20<br>Edward Hospital<br>801 South Washington Street<br>Romeoville IL 60446 | | W | 9-5--2006<br>Medical Bills<br>This may be included in the NCO Financial amount of $9985.52 | | | | $ 25.00 |
| Account No:<br>Creditor # : 21<br>Elite Recovery Services, Inc<br>PO Box 3474<br>Buffalo NY 14240 | | | Case# 07 SC 3580, Dupage County Atty: Blitt & Gaines PC,661 Glenn | | | | $ 1,383.89 |
| Account No:    6565<br>Creditor # : 22<br>Elite Recovery Services<br>PO Box 3474<br>Buffalo NY 14240 | | W | 1-3-07<br>re: ERA Acquistions, Inc, account#5407915010548318 | | | | $ 1,173.00 |

Sheet No.   3   of    9   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $        $ 3,394.54

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_____,        Case No._____
**Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:      6... <br> Creditor # : 23 <br> H&F LAW <br> 33 N LaSalle <br> STE 1200 <br> Chicago IL 60602 | | W | 9/4/2003 | | | | $ 275.00 |
| Account No:      3... <br> Creditor # : 24 <br> H&F LAW <br> 33 N LaSalle <br> Chicago IL 60602 | | W | 12/3/2002 <br> Checking account | | | | $ 1,639.00 |
| Account No:     5512 <br> Creditor # : 25 <br> Harris & Harris <br> 222 Merchandise Mart <br> Ste 1900 <br> Chicago IL 60654 | | W | Gas Charges <br> Original Creditor: Nicor Gas | | | | $ 109.55 |
| Account No:     24-2 <br> Creditor # : 26 <br> Heights Finance <br> 1460 Farnsworth Ave., Sutie 2 <br> Aurora IL 60507-1147 | | W | 12-5-2006 <br> Debt Consolidation | | | | $ 1,124.36 |
| Account No:     2105 <br> Creditor # : 27 <br> Heights Finance <br> 1460 Farnsworth Ave., Sutie 2 <br> Aurora IL 60507-1147 | | W | Court Case # 06 SCK 2105 | | | | $ 2,514.49 |
| Account No:     .... <br> Creditor # : 28 <br> Heights Finance <br> 1460 Farnsworth Ave., Sutie 2 <br> Aurora IL 60507-1147 | | W | 9/30/2005 | | | | $ 1,044.00 |

Sheet No.   _4_ of   _9_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $        $ 6,706.40
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_____ ,     Case No. _____
**Debtor(s)**                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    . . . . <br> Creditor # : 29 <br> Heller and Frisone <br> 33 North Lasalle Street <br> Chicago IL 60602 | | W | | | | | $ 283.00 |
| Account No:    2850 <br> Creditor # : 30 <br> HSBC Card Services <br> PO BOX 5253 <br> Carol Stream IL 60197 | | W | 9/8/2007 <br> Credit Card Purchases | | | | $ 477.14 |
| Account No:    1815 <br> Creditor # : 31 <br> Illinois Dept. of Employment <br> Benefits Repayments <br> PO BOX 6996 <br> Chicago IL 60680-6996 | | W | 11/15/2007 <br> Overpayment of IDES | | | | $ 9,535.00 |
| Account No:    -706 <br> Creditor # : 32 <br> KCA Financial <br> 628 North Street <br> P.O. Box 53 <br> Geneva IL 60134 | | W | 11-21-2006 <br> Dental <br> Original Creditor: Nowell E Belcha, DDS LTD | | | | $ 809.44 |
| Account No: <br> Creditor # : 33 <br> Maleeha Ahsan <br> 2853 Tory Court <br> Lee IL 60530 | | W | 11-10-2005 <br> Rent | | | | $ 2,350.00 |
| Account No:    6883 <br> Creditor # : 34 <br> Merchants Credit Guide Co. <br> 223 W Jackson St. <br> Chicago IL 60606 | | W | 12/12/08 <br> Medical Bills <br> Original Creditor: Dupage Medical Group 08-083440828 | | | | $ 201.00 |

Sheet No. __5__ of __9__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $            $ 13,655.58

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re  _Waddell, Desaree_____ ,     Case No._____
       **Debtor(s)**                                                         (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2799  Creditor # : 35  Merchants Credit Guide Co.  223 W Jackson St., Suite 900  Chicago IL 60606 | | W | 4/1/2008 | | | | $ 458.58 |
| Account No:   1771  Creditor # : 36  Merchants Credit Guide Co.  223 W Jackson St., Suite 900  Chicago IL 60606 | | W | 11/1/2006  Medical Bills  Original Creditor: Edward Hospital, Naperville IL | | | | $ 632.25 |
| Account No:   0870  Creditor # : 37  Merchants Credit Guide Co.  223 W Jackson St.  Chicago IL 60606 | | W | Medical Bills  Original Creditor: Dupage Medical Group | | | | $ 103.00 |
| Account No:   0...  Creditor # : 38  NCO Fin /27  PO Box 7216  Philadelphia PA 19101 | | W | 12/19/2006  Medical Bills | | | | $ 998.52 |
| Account No:   2435  Creditor # : 39  NCO Fin/55  PO Box 15270  Wilmington DE 19850 | | W | 6/1/2007  Medical Bills  Original Creditors: Edward Medical Group, Edward Womens Center | | | | $ 998.52 |
| Account No:   0329  Creditor # : 40  NCO Financial System  PO BOX 17080  Wilmington DE 19850 | | W | 7/2008  Medical Bills  REF ID#E3470 | | | | $ 164.48 |

Sheet No. _6_ of _9_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 3,355.35

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_____,   Case No._____
**Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   3875<br><br>Creditor # : 41<br>Nicor<br>PO Box 2020<br>Aurora IL 60507 | | W | 12-4-2006<br>*Gas Charges*<br>*Placed for collection with HARRIS & HARRIS, LTD* | | | | $ 1,545.69 |
| Account No:   4956<br><br>Creditor # : 42<br>North Shore Agency, INC<br>PO Box 8901<br>Westbury NY 11590 | | W | 7-12-2007<br><br>*Original Creditor: Time Life* | | | | $ 265.52 |
| Account No:   3235<br><br>Creditor # : 43<br>Nowell E Blecha DDS<br>10 W. Martin Ave<br>Ste 164<br>Naperville IL 60540 | | W | 11/21/2006<br>*Dental* | | | | $ 809.44 |
| Account No:   4...<br><br>Creditor # : 44<br>NTL Recovery<br>11000 Central Ave<br>Suite 100<br>Minneapolis MN 55434 | | W | 3/14/2006<br>*IRS* | | | | $ 89.00 |
| Account No:   4940<br><br>Creditor # : 45<br>Quest Diagnostics<br>PO Box 64804<br>Baltimore MD 21264-4804 | | W | 3-30-2007 | | | | $ 69.50 |
| Account No:   2447<br><br>Creditor # : 46<br>Revenue Production Management<br>PO Box 673775<br>Detroit MI 48267-3775 | | W | *Medical Bills* | | | | $ 458.58 |

Sheet No.   7   of   9   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $        $ 3,237.73
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re _Waddell, Desaree_____ ,     Case No._____
            **Debtor(s)**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  9405 <br> Creditor # : 47 <br> River Collection & Recovery <br> PO Box 992 <br> Elk River MN 55330 | | W | 3-26-2007 <br><br> Creditor: US Bank National Association | | | | $ 2,083.93 |
| Account No:  4-00 <br> Creditor # : 48 <br> Short Term Loans <br> 2250 Ogden Ave <br> Aurora IL 60504 | | W | 7-18-2006 <br> Loan | | | | $ 650.75 |
| Account No:  0938 <br> Creditor # : 49 <br> State Farm Fire and Casualty <br> 2702 Ireland Grove Rd <br> Bloomington IL 61709 | | W | | | | | Unknown |
| Account No:  2... <br> Creditor # : 50 <br> UN Coll Tol <br> 5620 Southwyck Blv <br> Toledo OH 43614 | | W | 3/17/2005 <br> Credit Card Purchases | | | | $ 118.83 |
| Account No:  2168 <br> Creditor # : 51 <br> US Bank <br> PO Box 5227 <br> ML CN-OH-W15 <br> Cincinnati OH 45202-5227 | | W | 11-3-2006 <br> Overdrawn checking account | | | | $ 55.00 |
| Account No:  -116 <br> Creditor # : 52 <br> Veracity Financial Group LLC <br> 974 73rd St. Suite 42 <br> Des Moines IA 50312 | | W | Credit Card Purchases <br> Original Creditor Client Ref <br> no.:5256055060281253 | | | | $ 1,220.81 |

Sheet No.  8  of  9  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 4,129.32

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Waddell, Desaree_____ ,    Case No. _____
       **Debtor(s)**                                                        **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   0329 <br> *Creditor # : 53* <br> *West Asset Management* <br> *PO Box 725329* <br> *Atlanta GA 31139-2329* | | W | *12-20-2006* <br><br> *Checking account* <br> *Original Creditor: Bank of America* | | | | $ 145.79 |
| Account No:   0808 <br> *Creditor # : 54* <br> *Women's Center For Health* <br> *Dept. 77-3235* <br> *Chicago IL 60678-3235* | | W | *3-7-07* <br> *Medical Bills* | | | | $ 765.52 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _9_ of _9_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 911.31

Total $      $ 42,933.99
(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6G (Official Form 6G) (12/07)

In re **_Waddell, Desaree_** _____,   / Debtor      Case No. _____
                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re **Waddell, Desaree** _____ / Debtor    Case No. _____
                                                                                          (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

B6I (Official Form 6I) (12/07)

**In re** *Waddell, Desaree* _____ ,   **Case No.** _____
                    **Debtor(s)**                                      **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| *Married* | RELATIONSHIP(S): *daughter* *son* | AGE(S): *12* *18* |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Personal Banker* | *Nurse* |
| Name of Employer | *Ctitzens Financial Group, Inc* | *Courtyard of Loyalton* |
| How Long Employed | *1 year* | *4 months* |
| Address of Employer | *3115 111th Street* *Naperville IL  60564* | *3315 Executive Dr* *Joliet IL  60431* |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ 2,823.38 | $ 2,192.60 |
| 2. Estimate monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 2,823.38 | $ 2,192.60 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 420.42 | $ 355.14 |
| b. Insurance | | $ 210.56 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 0.00 |
| d. Other (Specify): *Spouse Life Insurance* | | $ 4.98 | $ 0.00 |
| *Legal Services* | | $ 15.73 | $ 0.00 |
| *Supplemental Life* | | $ 7.11 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 658.80 | $ 355.14 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 2,164.59 | $ 1,837.46 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ 0.00 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): *Child Support* | | $ 541.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 541.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME   (Add amounts shown on lines 6 and 14) | | $ 2,705.59 | $ 1,837.46 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ 4,543.05 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J(Official Form 6J)(12/07)

In re _Waddell, Desaree_____ ,    Case No. _____
          **Debtor(s)**                                              (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,100.00 |
|     a. Are real estate taxes included?    Yes ☐  No ☒ | | |
|     b. Is property insurance included?    Yes ☐  No ☒ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 46.78 |
|     b. Water and sewer | $ | 18.59 |
|     c. Telephone | $ | 96.23 |
|     d. Other    _Disposal Service_ | $ | 17.76 |
|     Other    _Direct TV_ | $ | 75.97 |
|     Line 2 Continuation Page Total (see continuation page for itemization) | $ | 40.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 75.00 |
| 4. Food | $ | 0.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 120.00 |
| 8. Transportation (not including car payments) | $ | 283.77 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 275.00 |
| 10. Charitable contributions | $ | 100.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 20.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 0.00 |
|     e. Other | $ | 0.00 |
|     Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 310.00 |
|     b. Other:  _IRS_ | $ | 150.00 |
|     c. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other: | $ | 0.00 |
|     Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 2,929.10 |
|     and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Average monthly income from Line 16 of Schedule I | $ | 4,543.05 |
|     b. Average monthly expenses from Line 18 above | $ | 2,929.10 |
|     c. Monthly net income (a. minus b.) | $ | 1,613.95 |

In re <u>Waddell, Desaree</u>                                        ,          **Case No.** _____
                    **Debtor(s)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
**(Continuation page)**

**2. (continuation) OTHER UTILITIES**

| | | |
|---|---|---|
| *Lawn & snow removal* | $ | *40.00* |

| **Line 2 Continuation Page Total (seen as line item "2" on Schedule J)** | $ | *40.00* |

B6 Declaration (Official Form 6 - Declaration) (12/07)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Waddell, Desaree*

Case No.
Chapter   *13*

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $          *0.00* | | |
| B-Personal Property | *Yes* | *3* | $      *5,501.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $     *11,324.00* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $          *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *10* | | $     *42,933.99* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $      *4,543.05* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *2* | | | $      *2,929.10* |
| TOTAL | | *22* | $      *5,501.00* | $     *54,257.99* | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Waddell, Desaree*                                                    Case No.
                                                                           Chapter   *13*

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *0.00* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *0.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *0.00* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ *4,543.05* |
| Average Expenses (from Schedule J, Line 18) | $ *2,929.10* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *5,072.74* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *7,399.00* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *0.00* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *42,933.99* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *50,332.99* |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re _Waddell, Desaree_ _____          Case No. _____
                              Debtor                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____23_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _2/25/2009_____          Signature _/s/ Waddell, Desaree_____
                                                              _Waddell, Desaree_

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re:*Waddell, Desaree*                                                    Case No.
   *aka Desaree Denton*
   *aka Renee Denton*
   *aka Desaree Johnson*
   *aka Renee D Denton*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None
☐
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

*Year to date:$632*                       *employment*
 *Last Year:$31,319.00*
*Year before:$27,219*

---

### 2. Income other than from employment or operation of business

None
☐
State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

*Year to date:$1000*                      *Child Support*
  *Last Year:$3,500*

AMOUNT                                              SOURCE

*Year before:0*

---

### 3. Payments to creditors

None  ☒  Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None  ☒  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None  ☒  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None  ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Capital One v Dez R Denton 07 SC 4672* | *Citation to Discover Assets* | *18TH Judicial Circuit Court Wheaton , IL* | |

---

None  ☒  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None  ☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships

None  ☒  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☐    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| *Description:Personal Property, numerous personal items including Camcorder, portable DVD player, clothing, lots of miscellaneous items Value:2,600.00* | *Circumstances:Theft from Hotel room Insurance:1,500* | *7-11-2008* |

## 9. Payments related to debt counseling or bankruptcy

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: InCharge Education Foundation,Inc Address: 2101 Park Center Dr, Suite 310 Orlando, FL 32835* | *Date of Payment:Feb 3, 2009 Payor: Waddell, Desaree* | *$30.00* |

## 10. Other transfers

None ☒    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

## 11. Closed financial accounts

None ☒  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 12. Safe deposit boxes

None ☒  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 13. Setoffs

None ☒  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 14. Property held for another person

None ☒  List all property owned by another person that the debtor holds or controls.

---

## 15. Prior address of debtor

None ☐  If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor:* *Address:2938 Gypsum Circle, Naperville, IL 60564* | *Name(s):Desaree Denton* | |

---

## 16. Spouses and Former Spouses

None ☒  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

## 17. Environmental Information

None ☒  For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or

Statement of Affairs - Page 4

material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None ☒  a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses   in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses   in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

None ☒  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _02/25/2009_   Signature  _/s/ Waddell, Desaree_
of Debtor

Date _____   Signature _____
of Joint Debtor
(if any)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re   *Waddell, Desaree*                                   Case No.
    *aka Desaree Denton*                            Chapter *13*
    *aka Renee Denton*
    *aka Desaree Johnson*
    *aka Renee D Denton*

_____ / Debtor

Attorney for Debtor: **Robert G. Whitley, Jr.**

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in
      connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $_____ *0.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*

3. $_____*274.00*_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   **Member of Hyatt Legal Plan, fees will be paid by Hyatt/Met Life Company**

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   **None other**

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   **None**

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   **None**

Dated: *02/25/2009*                          Respectfully submitted,


                              X *_/s/ Robert G. Whitley, Jr._____*
Attorney for Petitioner: *Robert G. Whitley, Jr.*
                            *Robert G. Whitley, Jr. P.C.*
                            *15028 S. DesPlaines Street*
                            *Plainfield IL  60544*

                            *815-436-4700*

Account Solutions Group LLC
PO Box 628
Buffalo, NY  14240-0628

Allied Int
435 Ford Road
Suite 800
Minneapolis, MN  55426

Americash Loans, LLC
848 N Rt 59
Aurora, IL  60504

Amli At Fox Valley
3750 East New York Street
Aurora, IL  60504

Capital One Bank
661 Glenn Ave
Wheeling, IL  60090

BMG Music
PO Box 1958
Indianapolis, IN  46291-0010

Capital One
PO BOX 85520
Richmond, VA  23285

Capital One Auto Finance
3901 Dallas Parkway
Plano, TX  75093

Capital Recovery
4505 N. Front Street
PO Box 67555
Harrisburg, PA  17106

CMI
4200 International
Carrollton, TX  75007

Collection Company of America
700 Longwater Dr
Norwell, MA  02061

Comast
P. O. Box 3002
Southeastern, PA  19398

Core Fitness
4220 Westbrook Drive
Aurora, IL  60504

Dupage Medical Group
1860 Paysphere Cirlcle
Chicago, IL  60674

Eastern Account Corporation
1626 Locust Avenue
Bohemia, NY  11716-2153

Edward Hospital
801 South Washington Street
Romeoville, IL  60446

Elite Recovery Services, Inc
PO Box 3474
Buffalo, NY  14240

Elite Recovery Services
PO Box 3474
Buffalo, NY  14240

H&F LAW
33 N LaSalle
STE 1200
Chicago, IL  60602

H&F LAW
33 N LaSalle
Chicago, IL  60602

Harris & Harris
222 Merchandise Mart
Ste 1900
Chicago, IL  60654

Heights Finance
1460 Farnsworth Ave., Sutie 2
Aurora, IL  60507-1147

Heller and Frisone
33 North Lasalle Street
Chicago, IL  60602

HSBC Card Services
PO BOX 5253
Carol Stream, IL  60197

Illinois Dept. of Employment
Benefits Repayments
PO BOX 6996
Chicago, IL  60680-6996

KCA Financial
628 North Street
P.O. Box 53
Geneva, IL  60134

Maleeha Ahsan
2853 Tory Court
Lee, IL  60530

Merchants Credit Guide Co.
223 W Jackson St., Suite 900
Chicago, IL  60606

Merchants Credit Grou[p] Co.
223 W Jackson St.
Chicago, IL  60606

NCO Fin /27
PO Box 7216
Philadelphia, PA  19101

NCO Fin/55
PO Box 15270
Wilmington, DE  19850

NCO Financial System
PO BOX 17080
Wilmington, DE  19850

Nicor
PO Box 2020
Aurora, IL  60507

North Shore Agency, INC
PO Box 8901
Westbury, NY  11590

Nowell E Blecha DDS
10 W. Martin Ave
Ste 164
Naperville, IL  60540

NTL Recovery
11000 Central Ave
Suite 100
Minneapolis, MN  55434

Quest Diagnostics
PO Box 64804
Baltimore, MD  21264-4804

Revenue Production Management
PO Box 673775
Detroit, MI  48267-3775

River Collection & Recovery
PO Box 992
Elk River, MN  55330

Robert G. Whitley, Jr.
15028 S. DesPlaines Street
Plainfield, IL  60544

Short Term Loans
2250 Ogden Ave
Aurora, IL  60504

State Farm Fire and Casualty
2702 Ireland Grove Rd
Bloomington, IL  61709

UN Coll Tol
5620 Southwyck Blv
Toledo, OH  43614

US Bank
PO Box 5227
ML CN-OH-W15
Cincinnati, OH  45202-5227

Veracity Financial Group LLC
974 73rd St. Suite 42
Des Moines, IA  50312

Waddell, Desaree
2565 Eldorado Lane
Naperville, IL  60564

West Asset Management
PO Box 725329
Atlanta, GA  31139-2329

Women's Center For Health
Dept. 77-3235
Chicago, IL  60678-3235

Form B 21 Official Form 21
(12/03)

# FORM 21. STATEMENT OF SOCIAL SECURITY NUMBER

## UNITED STATES BANKRUPTCY COURT
_____DISTRICT OF_____

In re                                                      )
                                                           )
                                                           )
                                                           )
                               Debtor                      ) Case No. _____
                                                           )
                                                           )
Address _____         )
                                                           )
        _____         )    Chapter _____
                                                           )
Employer's Tax Identification (EIN) No(s). [if any]:_____ )
_____          )
Last four digits of Social Security No(s).:_____  )

### STATEMENT OF SOCIAL SECURITY NUMBER(S)

1.  Name of Debtor (enter Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information.)*

        Debtor has a Social Security Number and it is: _____


        Debtor does not have a Social Security Number.

2.  Name of Joint Debtor (enter Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information)*

        Joint Debtor has a Social Security Number and it is: _____


        Joint Debtor does not have a Social Security Number.

I declare under penalty of perjury that the foregoing is true and correct.

        X _____
           Signature of Debtor                    Date

        X _____
           Signature of Debtor                    Date

_____
*Joint debtors must provide information for both spouses.*
*Penalty for making a false statement:* Fine of up to $250,000 or up to 5 years
imprisonment or both.  18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN   DIVISION

IN RE:                                          )   Chapter
                                                )   Bankruptcy Case No.
                                                )
                                                )
          Debtor(s)                             )

**DECLARATION REGARDING ELECTRONIC FILING**
Signed by Debtor(s) or Corporate Representative
**To Be Used When Filing over the Internet**

PART I - DECLARATION OF PETITIONER               Date: _____
A.     To be completed in all cases.

        I(We) _____ and _____ , the undersigned
debtor(s), corporate officer, partner, or member, hereby declare under penalty of perjury that the information I(we) have
given my (our)attorney, including correct social security number(s) and the information provided in the electronically
filed petition, statements, schedules, and  if applicable, application to pay filing fee in installments,  is true and correct.
I(we) consent to my(our) attorney sending the petition, statements, schedules, and this DECLARATION to the United
States Bankruptcy Court.  I(we) understand that this DECLARATION must be filed with the Clerk in addition to the
petition.  I(we) understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11
U.S.C. sections 707(a) and 105.

B.     To be checked and applicable only if the petitioner is an individual (or individuals) whose
       debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

       ☐      I(we) am(are) aware that I(we) may proceed under chapter 7, 11, 12, or 13 of Title 11 United States
              Code; I(we) understand the relief available under each such chapter; I(we) choose to proceed under
              chapter 7; and I(we) request relief in accordance with chapter 7.

C.     To be checked and applicable only if the petition is a corporation, partnership, or limited
       liability entity.

       ☐      I declare under penalty of perjury that the information provided in this petition is true and correct and
              that I have been authorized to file this petition on behalf of the debtor.  The debtor requests relief in
              accordance with the chapter specified in the petition.

       Signature: _____         Signature: _____
              (Debtor or Corporate Officer, Partner or Member)              (Joint Debtor)

Model Plan
Rev._9/2008rj

Trustee:  ☐ Marshall   ☐ Meyer
☐ Stearns   ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Case No.____ B _____ |
| | ) |
| Desaree Waddell                     , | ) ☑ Original Chapter 13 Plan |
| | ) |
| Debtors. | ) ☐ Modified Chapter 13 Plan, dated _____ |

☐ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**A.**
**Budget items**

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is ___3___; (b) their ages are ____12 & 18____; (c) total household monthly income is $ __4,543__ : and (d) total monthly household expenses are $ __2,929__ , leaving $ __1,614__ available monthly for plan payments.

2. The debtor's Schedule J includes $ __100__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __24__ months prior to filing this case.

**B.**
**General provisions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. Claims secured by a mortgage on real property of the debtor, set out in Paragraph 5 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall file and serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.**
**Direct payment of claims by debtor**

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: _____n/a_____, monthly payment, $ _____0_____ ;
Creditor: _____n/a_____, monthly payment, $ _____0_____ .

*If this box is* ☐ *checked, additional direct mortgage payments are listed on the overflow page.*

**D.**
**Payments by debtor to the trustee; plan term and completion**

1. *Initial plan term.* The debtor will pay to the trustee $____200____ monthly for ___60___ months [and $____0____ monthly for an additional ___0___ months], for total payments, during the initial plan term, of $____12,000____ [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/

☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**E.**
**Disbursements by the trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at ___10.00___ % of plan payments; and during the initial plan term, totaling $____1,200____ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor_____n/a_____, monthly payments of $ ___0.00___ .These payments, over the term of the plan, are estimated to total $ _____0_____ .

(b) To creditor_____n/a_____, monthly payments of $ ___0.00___ . These payments, over the term of the plan, are estimated to total $ _____0_____ .

If this box ☐ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ _____0_____ . [Enter this amount on Line 2b of Section H.]

3. *Other secured claims.* All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a) Creditor: _____Capital One Finance_____ Collateral: _____2004 Pontiac Grand Am_____
Amount of secured claim: $ 3,925    APR _____ % Fixed monthly payment: $ 163.54 ;
Total estimated payments, including interest, on the claim: $_____ 3,925 _____. ☒ Check if non-PMSI

(b) Creditor: _____ n/a _____ Collateral: _____ n/a _____
Amount of secured claim: $ 0    APR _____ % Fixed monthly payment: $ 0.00 ;
Total estimated payments, including interest, on the claim: $_____ 0 _____. ☒ Check if non-PMSI

If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]
The total of all payments on these secured claims, including interest, is estimated to be $_____ 3,925 _____.
[Enter this amount on Line 2c of Section H.]

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $_____ 0 _____.[Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____ n/a _____,
arrears of $_____ 0.00 _____, payable monthly from available funds, pro rata with other mortgage arrears,

☐without interest /or/ ☒ with interest at an annual percentage rate of _____ 0.00 _____ %.
These arrearage payments, over the term of the plan, are estimated to total $_____ 0 _____.

(b) To creditor_____ n/a _____,
arrears of $_____ 0.00 _____, payable monthly from available funds, pro rata with other mortgage arrears,

☐without interest /or/ ☒ with interest at an annual percentage rate of _____ 0.00 _____ %.
These arrearage payments, over the term of the plan, are estimated to total $_____ 0 _____.

If this box ☐ is checked, additional mortgage arrearage payments are listed on the overflow page.
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $_____ 0 _____. [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $_____ 0 _____. [Enter this amount on Line 2f of Section H.]

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: shall be paid at _____ 0 _____ % of the allowed amount. The total of all payments to this special class is estimated to be $_____ 0 _____.[Enter this amount on Line 2g of Section H.]

Reason for the special class:_____ n/a _____.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐in full, /or /☒to

the extent possible from the payments set out in Section D, but not less than ____1____ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. *Interest.* Interest [■] shall not be paid on unsecured claims /or / interest [ ] shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___0.00___ %. [Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of a deficiency in plan payments: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E.3; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**G. Special terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 12,000

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
- (a) Trustee's Fees — $ 1,200
- (b) Current mortgage payments — $ 0
- (c) Payments of other allowed secured claims — $ 3,925
- (d) Priority payments to debtor's attorney — $ 0
- (e) Payments of mortgage arrears — $ 0
- (f) Payments of non-attorney priority claims — $ 0
- (g) Payments of specially classified unsecured claims — $ 0
- (h) Total *[add Lines 2a through 2g]* — $ 5,125

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ 6,875

(4) Estimated payments required after initial plan term:
- (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) — $_____
- (b) Minimum GUC payment percentage — 1 %
- (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* — $_____
- (d) Estimated interest payments on unsecured claims — $_____
- (e) Total of GUC and interest payments *[add Lines 4c and 4d]* — $ 0
- (f) Payments available during initial term *[enter Line 3]* — $ 6,875
- (g) Additional payments required *[subtract Line 4f from line 4e]* — $ -6,875

(5) Additional payments available:
- (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee — $ 180
- (b) Months in maximum plan term after initial term — 0
- (c) Payments available *[multiply line 5a by line 5b]* — $ 0

**I.
Payroll
Control**

☑ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G.

**Sig-
natures:**

**Debtor(s) [Sign only if not represented by an attorney]**

Date _____

**Debtor's Attorney/s/** _____  Date  *2/25/09*

**Attorney
Information (name,
address, telephone,
etc.)**

Robert G. Whitley, Jr.
Attorney at Law
15028 S. Desplaines St.
Plainfield, IL 60544
815-436-4700
815-436-5030 - facsimile
rwhitley@plfdlaw.com

Start Over

**Special Terms** *[as provided in Paragraph G]*

n/a

← 5 →